**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard CREVELING, ) | No. CIV 05-0995-PHX-SMM |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) | |
| COUNTY OF MOHAVE, et al., ) | |
| Defendants. ) | |

Before the Court is Plaintiff's Motion to Join Claims and Additional Party Defendant, filed on October 18, 2005.[1] [Doc. No. 88] Defendants responded to the Motion on October 28, 2005,[2] and Plaintiff filed his Reply on November 3, 2005. Also pending is Plaintiff's Motion to Suspend 12/16/05 Deadline for Filing Dispositive Motions. [Doc. No. 98] After considering the filings, the Court issues the following Memorandum of Decision and Order.

**I. MOTION TO JOIN CLAIMS AND ADDITIONAL PARTY DEFENDANT**

---

[1] Plaintiff filed an Amended Motion to Join Claims and Additional Party Defendant on October 28, 2005. [Doc. No. 93] After reviewing both the original and amended motions, the Court finds only a small difference between the two, namely, the deletion of paragraph CLXIV in the amended version. Thus, the Court will collectively treat these as the "Motion" or "Motion to Join Claims and Add Party Defendant."

[2] Defendants responded to the Amended Motion on November 14, 2005, by incorporating the arguments set forth in their October 28, 2005 Response. Because they substantively the same, the Court will collectively refer to both responses as the "Response." No reply to the November 14 Response was filed.

1  Plaintiff, appearing *pro se*, has moved to amend his Complaint to join two claims of
2 abuse of discretion against three defendants: Mohave County Attorney Matthew Smith,
3 Mohave County Sheriff Tom Sheahan, and former Mohave County Attorney William J.
4 Ekstrom, Jr.  In addition, Plaintiff seeks to add the City of Kingman, airport proprietor, as
5 an additional defendant to this action.  Defendants challenge Plaintiff's Motion on the bases
6 that it is untimely and an amendment would add nothing more to the lawsuit.

7  Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading
8 "once as a matter of course" before a responsive pleading is served and after that, "by leave
9 of court."  Fed.R.Civ.P. 15(a).  Leave to amend "shall be freely given when justice so
10 requires."  Id.  Thus, leave to amend "lies within the sound discretion of the court" after the
11 time in which a party may amend as of right.  United States v. Webb, 655 F.2d 977, 979 (9th
12 Cir. 1981).  In exercising its discretion, the court must be guided by the underlying purpose
13 of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities.
14 Id.

15  In considering motions to amend, the Court considers four factors: bad faith, undue
16 delay, prejudice to the opposing party, and futility of amendment.  Loehr v. Ventura County
17 Cmty. Coll. Dist., 743 F.2d 1310, 1319-1320 (9th Cir. 1984).  The Court will address each
18 of the factors in turn, and where appropriate, will distinguish between Plaintiff's request to
19 add claims against existing defendants and Plaintiff's request to add an entirely new
20 defendant.

21  **A. Analysis of the four factors**
22  1. Bad faith

23  No evidence exists that Plaintiff seeks to join the claims or additional party in bad
24 faith, nor is bad faith alleged by Defendants.  Thus, the Court does not find Plaintiff filed his
25 Motion to Join Claims and Additional Party Defendant in bad faith.

26
27  2. Undue delay
28

The Ninth Circuit has stated that "undue delay is a valid reason for denying leave to amend." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (1991).

### a. *Joining additional claims against current Defendants*

Plaintiff filed his Motion to Join Claims and Additional Party Defendant on October 18, 2005, less than one month before the close of discovery. A final pretrial conference had been scheduled for January 20, 2006. Plaintiff has provided absolutely no explanation as to why he waited until this juncture to add two abuse of discretion claims to each of the three defendants named in his Motion.[3] The Court therefore finds undue delay as to bringing additional claims against those defendants.

### b. *Joining additional defendant*

When a plaintiff can provide a "satisfactory explanation" for their delay in naming a new defendant, no undue delay exists. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Here, Plaintiff contends that he did not pursue the addition of the City of Kingman ("the City") earlier for two reasons. Plaintiff's first argument is that he expected the named defendants in this action to begin enforcing the law when they were sued, "rendering nugatory a suit against [the City]." (Pl.'s Mot. to Join at 6.) Second, Plaintiff suggests that he made the instant Motion only after Defendants chose not to, despite Plaintiff's warning to them that their own liability could increase if they did not. (Id.) The Court finds both arguments are plainly meritless and undue delay is present.

### 3. Prejudice to the opposing party

"Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party." DCD Programs, Ltd., 833 F.2d at 187. Avoiding prejudice to the party to be added is the Court's "major objective." Id. Here, undue delay exists, causing particular prejudice to City of Kingman. As stated in section 2b, *supra*, not originally joining the City because Plaintiff believed others would enforce the law or join the parties instead

---

[3] Plaintiff implies in his Reply that he filed the instant Motion in response to "the [c]ourt's suggestion" that he do so. (Pl.'s Reply at 2.) The Court made no such suggestion.

- 3 -

1 is not a sufficient reason for a delay in seeking leave to amend. Thus, the Court finds the
2 undue delay in attempting to join the City of Kingman prejudices the City of Kingman. The
3 Court does not find the prejudice against Mr. Smith, Mr. Sheahan, and Mr. Ekstrom to be as
4 strong, given they were already involved in the lawsuit.

### 4. Futility of amendment

"Futility alone can justify the denial of a motion to amend." Bonin v. Calderon, 59 815, 845 (9th Cir. 1995). When a movant presents no new facts, but only new theories, and does not provide a satisfactory explanation for his failure to fully develop his contentions originally, denial of a motion to amend is not an abuse of discretion. Id.; Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990).

#### a. *Joining additional claims against current Defendants*

In his Motion, Plaintiff states Mr. Smith, Mr. Sheahan, and Mr. Ekstrom's "pattern and practice not to enforce law against pilots in the air transmogrified into their abuse of discretion via their permitting, encouraging, tolerating and/or ignoring Plaintiff's continuing damages from said criminal flight activity, in willful and wanton indifference to and deliberate disregard of plaintiff's civil rights protecting him from invasion of privacy, quiet enjoyment and the free and undisturbed use of his land." (Pl.'s Motion to Join at 4.) Currently, Plaintiff's pending claims against Mr. Smith, Mr. Sheahan, and Mr. Ekstrom are: negligence per se, deprivation of constitutional rights, deprivation of statutory civil rights, and willful and wanton indifference and deliberate disregard for constitutional rights. The Court finds that the abuse of discretion claims sought by Plaintiff simply restate his pending claims against Defendants. Plaintiff claims that the abuses of discretion resulted in violations of his civil rights, however, Plaintiff already has civil rights claims before this Court. Thus, the Court finds that amending the Complaint to add two claims for abuse of discretion against Mr. Smith, Mr. Sheahan, and Mr. Ekstrom would be futile.

#### b. *Joining additional defendant*

- 4 -

In his Motion, Plaintiff summarily states that he seeks to join the City of Kingman as a defendant to his action. Plaintiff fails to state any facts on which his claim is based; rather, he makes conclusory allegations that the City was principal or contributory in depriving him of his rights by taking his property with just compensation, mismanaging the airport, negligently planning or zoning the land around the airport, and by conspiring to retaliate and retaliating against Plaintiff for exercising his constitutional and civil rights. (Id. at 5.) Plaintiff also summarily states that complete relief cannot be according among those already parties. (Id.) Lacking any evidence that the City is a necessary or indispensable party to this action, the Court will not make such a finding.

## B. Conclusion as to Motion to Join Claims and Add Party Defendant

Because the Court finds undue delay, futility, and prejudice (as to at least the party to be added), the factors clearly weigh in favor of denying leave to amend. Therefore, Plaintiff's Motion to Join Claims and Add Party Defendant will be denied.

## II. MOTION TO SUSPEND 12/16/05 DEADLINE FOR FILING DISPOSITIVE MOTIONS

For good cause shown, the Court will grant the Motion to Suspend 12/16/05 Deadline for Filing Dispositive Motions. The deadline for filing dispositive motions will be extended to January 16, 2006.

## III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion to Join Claims and Additional Party Defendant [Doc. No. 88] and Plaintiff's Amended Motion to Join Claim and Additional Party Defendant [Doc. No. 93] are DENIED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Suspend 12/16/05 Deadline for Filing Dispositive Motions [Doc. No. 98] is GRANTED.

**IT IS FURTHER ORDERED** that dispositive motions in this matter are due January 16, 2006.

- 5 -

**IT IS FURTHER ORDERED** that the Final Pretrial Conference set for January 20, 2006 is VACATED. The Final Pretrial Conference is re-scheduled for **Thursday, February 16, 2006, at 4:00 p.m.** before the Honorable Stephen M. McNamee in Courtroom 605 at 401 West Washington Street in Phoenix, Arizona.

**IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the persons who will be responsible for the trial of the lawsuit shall prepare and sign a <u>Proposed Pretrial Order</u> and submit it to the Court no later than **4:00 p.m. on Friday, January 20, 2006**.

**IT IS FURTHER ORDERED** that the parties shall file and serve all motions in limine no later than **4:00 p.m. on Friday, January 20, 2006**. Each motion in limine shall include the legal basis supporting it. Responses to motions in limine are due **Friday, January 27, 2006**. No replies will be permitted. The all parties shall come to the Final Pretrial Conference prepared to address the merits of all such motions.

**IT IS FURTHER ORDERED** that all provisions of the Court's December 6, 2005 Order re: Final Pretrial Conference [Doc. No. 97], excluding dates, are hereby incorporated into this Order. The parties shall accordingly comply with all provisions of the December 6, 2005 Order.

DATED this 14th day of December, 2005.

_/s/ Stephen M. McNamee_
Stephen M. McNamee
Chief United States District Judge